UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CESAR HUMBERTO CHACON-
HERNANDEZ,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1279

Honorable Robert J. Jonker

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

**I.     Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.16–17.)

In an order entered on April 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response on April 27, 2026, (ECF No. 5), and Petitioner filed his reply on April 30, 2026, (ECF No. 6).

## II.      Factual Background

Petitioner is a native and citizen of Honduras. (2019 Notice to Appear (NTA), ECF No. 5-1, PageID.94.) Petitioner entered the United States on or about July 16, 2019, at or near Eagle Pass, Texas, without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and thereafter, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*; 2019 Form I-213, ECF No. 5-2, PageID.99.) DHS then released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 5-4, PageID.104.) Petitioner has no criminal history. (2026 Form I-213, ECF No. 5-6, PageID.111.)

In an order entered on July 17, 2024, an Immigration Judge granted a joint motion to dismiss the removal proceedings against Petitioner without prejudice. (Order Immigration Judge, ECF No. 5-5, PageID.107.) On April 9, 2026, ICE agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 5-6, PageID.110.) At that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (2026 NTA, ECF No. 5-8, PageID.116, 119.)

Petitioner was scheduled for a master calendar hearing on May 7, 2026, in the Detroit Immigration Court. (Notice of Internet-Based Hearing, ECF No. 5-10, PageID.123.)

## III.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.     Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

### V.    Merits Discussion

#### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[1]

#### B.    Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

---

[1] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), which was recently issued by the United States Court of Appeals for the Eighth Circuit. At this time, these non-binding cases do not change the Court's analysis.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents.[2] The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

---

[2] The Court previously dismissed the Warden of North Lake Processing Center as a Respondent. (Order, ECF No. 4.)

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the Department of Homeland Security, the Acting United States Attorney General, and the Executive Office for Immigration Review as Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[3] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the Department of Homeland Security, the Acting United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated:   May 8, 2026                              /s/ Robert J. Jonker
                                                  Robert J. Jonker
                                                  United States District Judge

---

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.